IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LORI BOND,**

    Plaintiff,

v.

**SHRINERS HOSPITALS FOR CHILDREN,**

    Defendant.

No. 3:20-cv-01943-SB

OPINION AND ORDER

**MOSMAN, J.,**

On February 2, 2024, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation (F&R) [ECF 74]. Judge Beckerman recommended that I deny Plaintiff Lori Bond's Motion for Leave to Amend Complaint [ECF 54] and deny Ms. Bond's Motion for Rule 37(c)(1) Sanctions [ECF 65]. Ms. Bond filed objections [ECF 76] and Defendant Shriners Hospitals for Children ("Shriners") filed a response [ECF 78]. Upon review, I agree with Judge Beckerman and adopt the F&R in full.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or

1 – OPINION AND ORDER

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Ms. Bond's objections and my review are limited to Judge Beckerman's recommendation to deny the Motion for Rule 37(c)(1) Sanctions [ECF 65]. The Motion focuses on a disclosure Shriners made on the last day of discovery on October 31, 2023. Mot. for Sanctions [ECF 65] at 4. Ms. Bond argues that the disclosure included 19 pages that were responsive to her previous document requests. *Id.* This late production included an "Employee Counseling Report" dated June 7, 2019, and signed by Ms. Bond's manager Max Bennett on June 9, 2019, recommending Ms. Bond's discharge, subject to review by human resources. Pl.'s Obj. [ECF 76-4] Ex. 4, at 21. The Motion and the parties' briefing raise three issues, which are whether the documents in question were responsive to Ms. Bond's Request for Production ("RFP") 1, RFP 15, or the Rule 30(b)(6) depositions.

RFP 15 requested "All documents that describe, concern, and/or relate to any investigations made due to plaintiff's employment, any complaints, and termination." Mot. for Sanctions [ECF 65-5] Ex. 5, at 8. Judge Beckerman found that the documents in question were not responsive to RFP 15 because the plain language of the request refers only to investigation-related matters. F&R [ECF 74] at 27. RFP 15 is ambiguous, but Ms. Bond confirmed Judge Beckerman's interpretation in an email when Ms. Bond's counsel described RFP 15 as requesting "[i]nvestigation records."

2 – OPINION AND ORDER

Kreutzer Decl. [ECF 76-1] at 2–3. Ms. Bond is bound to this interpretation, and I agree with Judge Beckerman's finding that the documents in question are not investigation records.

RFP 1 requested Ms. Bond's "entire employee file." Mot. for Sanctions [ECF 65-5] Ex. 5, at 7. Shriners responded that "entire employee file" is ambiguous and it would interpret RFP 1 as a request for Ms. Bond's "personnel file records." Kreutzer Decl. [ECF 76-1] ¶ 9. Ms. Bond did not dispute Shriners's recharacterization of RFP 1 and is therefore bound by it. Judge Beckerman found that the documents in question were not responsive to RFP 1 because the June 11, 2019, and June 12, 2019, request and approval to terminate were relied upon to terminate Ms. Bond. Thus, the other documents were not in her "personnel file" as defined, because they were not relied on to terminate Ms. Bond. F&R [ECF 74] at 26. Similarly, Judge Beckerman found that the documents in question were not implicated by the Rule 30(b)(6) depositions because Shriners did not rely on them when terminating Ms. Bond. *Id.* at 28.

Rare is a day when a report recommending dismissal of an employee is unresponsive to any discovery request in a case involving claims for unlawful termination. In a normal case, the documents in question—particularly the June 7, 2019, counseling report—would be responsive to Ms. Bond's RFP 1. The F&R, as embraced by Shriners, focuses on the fact the Shriners did not rely on the documents in question when deciding to terminate Ms. Bond. *See* F&R [ECF 74] at 27; Def.'s Resp. [ECF 78]. This necessarily means that the date of the June 7, 2019, counseling report and its reasoning for recommending discharge played no role in the ultimate termination of Ms. Bond.

Even with Shriners's initial non-reliance on the documents in question, if they later became important to Shriners's defense, Rule 26 would have compelled their disclosure at a date earlier than October 31, 2023. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii), 26(e); *Ingenco Holdings, LLC v. Ace*

3 – OPINION AND ORDER

*Am. Ins. Co.*, 921 F.3d 803 (9th Cir. 2019). Judge Beckerman's finding, which Shriners adopts, is that Shriners's position and opinion regarding its decision to terminate Ms. Bond—including, necessarily, the timing of that decision—is set forth in the June 12, 2019, counseling report, and not in the late-disclosed documents. F&R [ECF 74] at 27–28. I accept this rationale on the understanding that the documents in question are not to be relied upon for any purpose in this case. I am not imposing exclusion as a sanction, but instead pointing out the necessary outcome of the position which Shriners adopts.

## CONCLUSION

Upon review, I agree with Judge Beckerman and I ADOPT the F&R [ECF 74]. I DENY Ms. Bond's Motion for Leave to Amend [ECF 54] and DENY Ms. Bond's Motion for Rule 37(c)(1) Sanctions [ECF 65].

IT IS SO ORDERED.

DATED this 12th day of March, 2024.

MICHAEL W. MOSMAN
Senior United States District Judge

4 – OPINION AND ORDER