IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LORI BOND**, <br><br> Plaintiff, <br><br> v. <br><br> **SHRINERS HOSPITALS FOR CHILDREN**, <br><br> Defendant. | Case No. 3:20-cv-1943-SB <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on November 22, 2024. Judge Beckerman recommended that this Court deny Defendant's motion for summary judgment.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

    For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

PAGE 1 –  ORDER

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendant timely filed an objection, to which Plaintiff responded. Defendant objects to several aspects of Judge Beckerman's recommendation. The Court addresses each in turn.

**A.  Evidentiary Objections**

Defendant argues that its evidentiary objections should not have been overruled for a failure to confer. Defendant also identifies two evidentiary rulings that it contends were improper for other reasons: (1) the admission of a letter from the Oregon Employment Department ("OED") to Plaintiff and (2) the exclusion of Defendant's documents from June 7, 2019 ("June 7 documents"). The Court addresses each objection in turn.

   **1.  Failure to Confer**

Defendant first argues that Judge Beckerman improperly overruled its evidentiary objections based on a failure to certify conferral under LR 7-1(a). Defendant contends that the parties *did* confer before Defendant filed its motion for summary judgment and that further conferral would have been futile. Plaintiff responds that although the parties conferred to discuss Defendant's motion for summary judgment, Defendant did not confer with Plaintiff about

PAGE 2 –  ORDER

evidentiary objections to items she offered in support of her response to that motion. Plaintiff further argues that conferral would not have been futile.

It is undisputed that Defendant did not confer with Plaintiff about Defendant's *evidentiary objections*. Courts have discretion in deciding whether to overrule evidentiary objections based on a failure to confer and may choose to consider objections when conferral would have been of limited utility and the non-movant had an opportunity to be heard. *See, e.g.*, *Old Navy, LLC v. Center Devs. Or., LLC*, 2012 WL 2192284, at *3 (D. Or. June 13, 2012) (excusing failure to confer because the conferral rules were recently amended); *DeWalt Prods., Inc. v. City of Portland*, 2019 WL 4045659, at *2 (D. Or. Aug. 26, 2019) (excusing failure to confer because it was clear that conferral would not have resolved the identified disputes); *Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1128 (D. Or. 2013) (same); *Clear Skies Nev., LLC v. Kainu*, 2017 WL 4021121, at *2-3 (D. Or. Aug. 21, 2017) (excusing failure to confer where consultation would not have resolved issues), *findings and recommendation adopted*, 2017 WL 4012960, at *1 (D. Or. Sept. 12, 2017). As Judge Beckerman explained, conferral in this case would have been useful and may have resolved several disputes. For example, Defendant produced many of the exhibits it objects to during discovery and even filed some of the exhibits it objects to in support of its own motion. Moreover, none of Defendant's evidentiary objections were overruled solely due to its failure to confer; the Findings and Recommendation identified other reasons why each objection was overruled. The Court thus agrees that Defendant's evidentiary objections were properly overruled because of both the failure to confer and the other enumerated reasons in the Findings and Recommendation.

### 2. OED Letter

Defendant argues that Judge Beckerman should not have considered the letter from the OED because it was not authenticated and contained inadmissible hearsay. Defendant also

contends that in response to its Request for Production ("RFP") Number 28, Plaintiff agreed to produce documents that "demonstrate her job searches, applications, and unemployment benefits, if any," ECF 89-1 at 16-17, and that Plaintiff did not produce the OED letter in response to this RFP. Plaintiff responds that Judge Beckerman properly considered the letter because Defendant would have had it in its possession under OED protocol. Plaintiff also argues that she told Defendant in her responses to the RFP and interrogatories that she had unsuccessfully applied for unemployment.

Defendant has not identified any specific discovery request to which the OED letter is responsive. This letter is not responsive to RFP 28—which requested only documents or communications related to Plaintiff's efforts to "secure employment, self-employment or the creation of or operation of any business," ECF 89-1 at 16-17, not unemployment benefits—or Plaintiff's agreed disclosure because it did not demonstrate any unemployment benefits. Instead, it shows that Plaintiff was denied unemployment benefits. Thus, the letter should not be stricken for failure to comply with discovery requests.

Further, Defendant does not explain how the letter was not authenticated or contained inadmissible hearsay. At summary judgment, the Court may consider "evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony." *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016); *cf.* Fed. R. Civ. P. 56(c)(2) (permitting a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence"); 56(c)(4) (establishing that a declaration in support of summary judgment must present "facts that would be admissible in evidence"). The underlying evidence, a letter from a state agency, could be authenticated at trial by Plaintiff or by someone from the OED, and does

not constitute hearsay because it is a record of regularly conducted activity under Rule 803(6) of the Federal Rules of Evidence. The Court thus adopts the Findings and Recommendation and considers the OED letter.

### 3. The March 12, 2024, Opinion and Order

Finally, Defendant argues that an earlier Opinion and Order, dated March 12, 2024, ECF 79, erroneously ruled that the June 7 documents were inadmissible. Defendant argues that the June 7 documents were not responsive to any discovery request and that the parties had opted out of the initial disclosure requirement. Thus, Rule 26(a) of the Federal Rules of Civil Procedure was inapplicable. Defendant also contends that the June 7 documents did not need to be disclosed earlier because they were not used to determine employment termination but are admissible to show timing. Plaintiff responds that the March 12 Opinion and Order was based on Defendant's representation that it did not have to disclose the June 7 documents earlier because they were unrelated to Plaintiff's termination and that Defendant cannot now "backpedal" on this representation.

In the March 12 Opinion and Order, Judge Mosman (the district judge formerly assigned to this case) denied to impose sanctions against Defendant for failing to produce the June 7 documents until the last day of discovery. *Bond v. Shriners Hosps. for Child.*, 2024 WL 1091563, at *1-2 (D. Or. Mar. 12, 2024) (Mosman, J.) (adopting Judge Beckerman's Findings and Recommendation). Judge Mosman explained that this decision was based on Defendant's representation that its "position and opinion regarding its decision to terminate [Plaintiff]—*including, necessarily, the timing of that decision*—is set forth in the June 12, 2019, counseling report, and not in the late-disclosed documents." *Id.* at *2 (emphasis added). Thus, Judge Mosman "accept[ed] this rationale on the understanding that the documents in question are

PAGE 5 –  ORDER

not to be relied upon for any purpose in this case. [He was not] imposing exclusion as a sanction, but instead pointing out the necessary outcome of the position which [Defendant] adopts." *Id.*

Defendant may not "gain[] an advantage by asserting one position, and then later seek[] an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Defendant stated in its opposition to Plaintiff's motion for sanctions that the June 7 documents were not documents upon which its decision to terminate Plaintiff was based. ECF 68 at 6. Defendant further argued that Judge Beckerman's Findings and Recommendation on Plaintiff's motion for sanctions was "correct and should be accepted in full." ECF 78 at 3. The Findings and Recommendation included the statement that "[t]hese records before the Court corroborate [Defendant's] representation that [the] June 7, 2019 emails and attachments were not part of [Plaintiff's] personnel file because [Defendant] did not rely on the documents to terminate [Plaintiff]." ECF 74 at 27. This position is clearly inconsistent with Defendant's current position that the June 7 documents can be used to show the timing of its termination decision: if a party did not rely on a document in making a decision, the document necessarily was not relevant to the timing of its decision. The Court therefore adopts the Findings and Recommendation and excludes the June 7 documents.

## B. Plaintiff's Declaration

Defendant argues that the Findings and Recommendation should not have considered Plaintiff's declaration submitted in response to Defendant's motion for summary judgment, as it is a "sham affidavit" that contradicts her deposition testimony. Defendant also contends that the Court cited deposition testimony that was not cited by Plaintiff. Defendant argues that in doing so, the Court violated LR 56-1(a). Plaintiff responds that, as Judge Beckerman noted, the declaration did not contradict Plaintiff's deposition testimony but merely "filled in holes," and that Defendant misreads LR 56-1(a).

The sham affidavit rule applies only when "the inconsistency between a party's deposition testimony and subsequent affidavit [is] clear and unambiguous." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009). Judge Beckerman thoroughly analyzed Plaintiff's declaration and deposition testimony and found that there was no clear and unambiguous inconsistency between the two, and the Court agrees. Regarding LR 56-1(a), it merely requires that "[a] party's factual positions must be supported by citations, by page and line as appropriate, to the particular parts of materials in the record." This rule does not mandate that a party cite to every portion of the record that it wishes the Court to consider. It was proper for Judge Beckerman to consider the admissible record before her, regardless of whether Plaintiff cited to an exact page or line. The Court thus adopts the Findings and Recommendation as to this declaration and holds that it is admissible at the summary judgment stage.

C. **Plaintiff's Failure to Mitigate**

Defendant next argues that the Findings and Recommendation erroneously did not bar Plaintiff's claims for economic and non-economic damages. Defendant contends that the Court should find that Plaintiff failed to mitigate her damages as a matter of law, again arguing that Plaintiff's declaration was a sham affidavit. Plaintiff responds that Judge Beckerman correctly considered statements in Plaintiff's declaration, and these statements created a material issue of fact such that summary judgment was not appropriate.

As discussed, Judge Beckerman properly considered statements in Plaintiff's declaration regarding her efforts to seek employment. These statements are sufficient to create a genuine dispute as to whether Plaintiff failed to mitigate her damages. Thus, the Court adopts the Findings and Recommendation and denies summary judgment on this affirmative defense.

**D. Plaintiff's Age Discrimination Claim**

Defendant argues that Judge Beckerman should have granted summary judgment against Plaintiff's age discrimination claim. Defendant contends that Plaintiff's raise of 1.5 percent was a mistake, and that Plaintiff cannot show that similarly situated younger individuals were treated more favorably or that she suffered an adverse employment action. Plaintiff responds that until its summary judgment briefing, Defendant consistently argued that the 1.5 percent raise was not a mistake, and that a raise that is lower than the employer's specified pay increase is an adverse employment action that younger employees did not suffer. Plaintiff further contends that Defendant argues that Plaintiff did not suffer an adverse employment action and that similarly situated younger individuals were treated more favorably for the first time in its objections, and thus these arguments are not properly before the Court.

A district court is not required to "consider new arguments raised for the first time in an objection to a magistrate judge's findings and recommendation." *Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002). "[I]n making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000). Courts generally exercise their discretion to consider new arguments when the party making the argument is a *pro se* litigant or the argument is in an unsettled area of law. *See, e.g.*, *Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013) (*pro se* habeas petitioner's claim in "an unsettled area of law"); *Brown*, 279 F.3d at 745 ("functionally illiterate" *pro se* habeas petitioner's "relatively novel [equitable tolling] claim under a relatively new statute"); *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (*pro se* plaintiff, "ignorant of the law, offering crucial facts as soon as he understood what was necessary to prevent summary judgment against him"). The circumstances here do not warrant consideration of Defendant's new arguments, as Defendant is represented by

counsel and this is not an unsettled area of law. Thus, the Court does not consider Defendant's arguments as to Plaintiff's failure to prove her prima facie case.

As to Defendant's argument that the 1.5 percent raise was a mistake, evidence in the record raises a genuine dispute of material fact on this issue. In Defendant's answer to Plaintiff's complaint, Defendant denied that the 1.5 percent pay increase was an error. *See* ECF 38 ¶ 10 ("Defendant admits that Plaintiff received a 1.5% pay increase on December 16, 2018. Defendant denies the remaining allegations in Complaint paragraph 10."); ECF 1-1 ¶ 10 ("In January 2019, Plaintiff only received a 1.5% pay increase, which was less than the 2018 FY Pay Increase that was provided. Plaintiff notified Ms. Mazoros who[] apologized for the error and that it would be fixed. This remained unfixed through Plaintiff's termination."). The record reflects that Plaintiff never received confirmation that her raise was a mistake. Thus, the Court adopts the Findings and Recommendation and denies summary judgment on this claim.

### E. Plaintiff's Whistleblower Claim

Finally, Defendant argues that Judge Beckerman should have granted summary judgment against Plaintiff's whistleblower claim. Defendant contends that the June 7 documents show that its termination decision predated Plaintiff's whistleblower emails, and thus Plaintiff's June 11 email was not a substantial factor in the termination decision. Plaintiff again responds that Judge Beckerman correctly did not consider the June 7 documents. Further, Plaintiff argues that she presented other evidence of whistleblowing beginning in January 2019, such that there is at least a genuine dispute as to whether Defendant's termination decision was based on Plaintiff's whistleblowing.

Plaintiff presented sufficient evidence of her whistleblowing activity before June 11, 2019, such that, even considering the June 7 documents, a reasonable factfinder could find that Defendant terminated Plaintiff's employment in retaliation for whistleblowing. Judge Beckerman

PAGE 9 – ORDER

analyzed this activity and held that it presented sufficient evidence of protected activity. Further, Defendant did not object to this finding. Thus, the Court adopts the Findings and Recommendation and denies summary judgment on this claim.

## CONCLUSION

The Court ADOPTS the Findings and Recommendation, ECF 96. The Court DENIES Defendant's Motion for Summary Judgment, ECF 83.

**IT IS SO ORDERED**.

DATED this 20th day of March, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 10 – ORDER