IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LORI BOND, | Case No. 3:20-cv-01943-SB |
| Plaintiff, | **TRIAL ORDER—EXHIBITS** |
| v. | |
| SHRINERS HOSPITALS FOR CHILDREN, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

On December 17, 2025, the Court held a pretrial conference in anticipation of the jury trial scheduled to begin on January 20, 2026. Having considered the parties' written submissions and oral argument, the Court resolves herein the parties' objections to exhibits. (*See* Def.'s Objs. Pl.'s Exs. ("Def.'s Objs."), ECF No. 129; Pl.'s Objs. Def.'s Ex. List ("Pl.'s Objs."), ECF No. 143; Def.'s Resp. Pl.'s Objs. ("Def.'s Resp."), ECF No. 149; Joint Status Report, ECF No. 153.)

///

///

///

PAGE 1 – TRIAL ORDER (EXHIBITS)

I.   **BOND'S OBJECTIONS TO SHC'S TRIAL EXHIBITS**

Plaintiff Lori Bond ("Bond") objects to Defendant Shriners Hospitals for Children's ("SHC") trial exhibits, as discussed below. (*See* Pl.'s Objs. at 2-6.)

| **Exhibit** | **Pl.'s Objection(s)** | **Def.'s Response** | **Ruling** |
|---|---|---|---|
| **Exhibit 202** (Employee Handbook) | Federal Rules of Evidence ("Rule") 401, 403, 408 | Various sections of the handbook are relevant to the claims and defenses at issue and it is impossible to pre-determine which sections will be relevant. Additionally, it is unclear how the exhibit contains inadmissible evidence of compromise offers and negotiations. | **Overruled.** The handbook is relevant to the claims at issue and not unduly prejudicial. Bond also fails to specify how this exhibit is inadmissible evidence of compromise offers and negotiations. |
| **Exhibit 204** (SHC Workforce Member Confidentiality Agreement, signed by Bond on April 4, 2016) | Rules 401, 403 | SHC intends to use this exhibit to support an after acquired evidence defense. Additionally, SHC argues that the exhibit is relevant to show that Bond did not act in good faith. | **Sustained.** The parties entered into an agreement whereby SHC withdrew its after acquired evidence defense and Bond withdrew her request for nominal damages. As a result, Exhibit 204 is no longer relevant to SHC's defense. |
| **Exhibit 208** (Email dated October 1, 2018 from Dereesa Reid ("Reid") to POR-Everyone with subject line: Welcome Portland's New Chief of Staff – Dr. Matt Bernstein) | Rules 401, 403, 801-805 | Bond has withdrawn her objections to this exhibit. | **Moot.** Bond has withdrawn her objections to this exhibit. |

PAGE 2 – TRIAL ORDER (EXHIBITS)

| **Exhibit** | **Pl.'s Objection(s)** | **Def.'s Response** | **Ruling** |
|---|---|---|---|
| **Exhibit 209** (Email dated December 10, 2018 from Reid to POR- Everyone with subject line: Merit Increase, with handwritten notes) | Rules 801-805 | Bond has withdrawn her objections to this exhibit. | **Moot.** Bond has withdrawn her objections to this exhibit. |
| **Exhibit 210** (Email dated December 10, 2018 from Reid to Aundria Mazoros ("Mazoros") POR-Patient Access, Tiffany Legree, cc: Monica Hickman ("Hickman") with subject line: Merit Increase) | Rules 801-805 | Bond has withdrawn her objections to this exhibit. | **Moot.** Bond has withdrawn her objections to this exhibit. |
| **Exhibit 212** (Email thread dated January 25, 2019, from Robert Bernstein to Karen Mattern ("Mattern"), Reid, Hickman, subject line RE: Confidential) | Rules 801-805 | The exhibit provides support and corroboration for witness testimony. Additionally, the statements in Exhibit 212 will be offered to show the effect on the listener and to explain why SHC took certain actions. | **Overruled.** The exhibit is admissible so long as it is offered for the effect on the recipients (i.e., giving Bond a final written warning) and not offered for the truth of the matter asserted. |
| **Exhibit 214** (Email exchange dated January 28, 2019 between Mazoros and Mattern with attached Written Warning for Lori Bond | Rules 801-805 | SHC alleges that the written warning is a business record memorializing disciplinary action taken against Bond and that it intends to offer Exhibit 214 to establish the intent and plan of SHC to present Bond with a final written warning. SHC claims that the exhibit is admissible under Rules 803(3) and 803(6). | **Taken under advisement.** If SHC can lay a proper foundation, the employee counseling report may be admissible as a business record under Rule 803(6) (and it appears that the cover email is not offered for the truth of any statements therein). |

PAGE 3 – TRIAL ORDER (EXHIBITS)

| Exhibit | Pl.'s Objection(s) | Def.'s Response | Ruling |
|---|---|---|---|
| **Exhibit 215** (Email dated January 31, 2019, from Mattern to Reid and Dr. Bernstein with subject line: Counseling meeting with Lori Bond) | Rules 801-805 | SHC intends to offer Exhibit 215 to establish that SHC leadership were notified that Mattern and Mazoros met with Bond to discuss her conduct, and the contemporaneous record thereof. | **Taken under advisement.** If SHC can lay a proper foundation, the email may be admissible as a present sense impression under Rule 803(1), a statement of the declarant's intent or plan under Rule 803(3), or a business record under Rule 803(6). |
| **Exhibit 216** (An email thread dated April 23, 2019, between Max Bennett ("Bennett") and Bond regarding Surgical Authorization List) | Rules 801-805 | Bond has withdrawn her objections to this exhibit. | **Moot.** Bond has withdrawn her objections to this exhibit. |
| **Exhibit 217** (Email thread dated May 6, 2019 with Patricia Roehr, David Cox ("Cox"), Bennett, with subject line: FW: Communication Issues) | FRE 801-805 | Bond has withdrawn her objections to this exhibit. | **Moot.** Bond has withdrawn her objections to this exhibit. |
| **Exhibit 218** (Email dated June 7, 2019 from Bennett to Cox with the subject line "FORM-Blank Employee Counseling Report (4065).doc" with its attachment, a draft Employee Counseling Report) | Rules 801-805 | The exhibit itself merely provides support and corroboration for witness testimony and the email is admissible under Rules 803(3) and 803(6). | **Sustained**, for the reasons set forth in the Court's order on Bond's motions in limine. (Op. & Order at 2-5, ECF No. 164.) |

| **Exhibit** | **Pl.'s Objection(s)** | **Def.'s Response** | **Ruling** |
|---|---|---|---|
| **Exhibits 219** (Native file for email dated June 7, 2019, from Bennett to Cox with the subject line "FORM-Blank Employee Counseling Report | *See* Bond's MIL 4, Opinion and Order (ECF No. 79); Rules 801-805 | SHC incorporates its response to Bond's Motion in Limine No. 4 and also asserts that the email is admissible under Rules 803(3) and 803(6). | **Sustained**, for the reasons set forth in the Court's order on Bond's motions in limine. (Op. & Order at 2-5.) |
| **Exhibit 220** (Email dated June 11, 2019, from Cherrie Cecil ("Cecil") to Bennett with subject line FW: No surgical procedure on 4.17.19) | Rules 801-805 | Bond has withdrawn her objections to this exhibit. | **Moot.** Bond has withdrawn her objections to this exhibit. |
| **Exhibit 221** (Email thread dated June 11, 2019, with email from Bond to Bennett, cc: Cecil with subject line: RE: No surgical procedure on 4.17.19) | *See* Bond's MIL 4, Opinion and Order (ECF No. 79) | Bond has withdrawn her objections to this exhibit. | **Moot.** Bond has withdrawn her objections to this exhibit. |
| **Exhibit 223** (Notes from June 12, 2019 meeting with Bond, by Sarah Risinger ("Risinger")) | Rules 801-805 | The notes are admissible under Rule 803(6). | **Taken under advisement.** If SHC can lay a proper foundation, Risinger's notes may be admissible as a business record under Rule 803(6). |
| **Exhibit 224** (Email dated July 3, 2019, from Cox to Risinger, forwarding email thread re Termination Request) | Rules 801-805 | Bond has withdrawn her objections to this exhibit. | **Moot.** Bond has withdrawn her objections to this exhibit. |
| **Exhibit 225** (Bond's interrogatory responses) | Rules 401, 403, 404, and 408 | Bond's interrogatory responses may be relevant and SHC asserts that they cannot pre-determine which portions will be relevant. | **Taken under advisement.** The Court will evaluate the admissibility of each interrogatory response as SHC seeks to enter it into evidence. |

| Exhibit | Pl.'s Objection(s) | Def.'s Response | Ruling |
|---|---|---|---|
| **Exhibit 226** (Northwest Cancer Specialist Letter dated January 19, 2007 from Kristine JeanBlanc to Bond re: Possible Compliance Concerns) | Rules 403, 404, and 408 | SHC has agreed to remove this exhibit from its Exhibit List. | **Moot.** SHC has agreed to remove Exhibit 226 from its Exhibit List. |
| **Exhibit 227** (Notes of a January 19, 2007 Final Warning meeting with Bond, written by Sherryl White, HR, Northwest Cancer Specialists) | Rules 403, 404, and 408 | SHC has agreed to remove this exhibit from its Exhibit List. | **Moot.** SHC has agreed to remove Exhibit 227 from its Exhibit List. |
| **Exhibit 228** (Northwest Cancer Specialists Counseling Review (Dismissal) for Bond, signed January 29, 2007) | Rules 403, 404, and 408 | SHC has agreed to remove this exhibit from its Exhibit List. | **Moot.** SHC has agreed to remove Exhibit 228 from its Exhibit List. |
| **Exhibit 229** (Letter dated February 4, 2008 from BOLI to Human Resources, Northwest Cancer Specialists enclosing complaint filed by Bond) | Rules 403, 404, and 408 | SHC has agreed to remove this exhibit from its Exhibit List. | **Moot.** SHC has agreed to remove Exhibit 229 from its Exhibit List. |

For these reasons, the Court sustains in part and overrules in part Bond's objections to SHC's exhibits.

///

///

///

PAGE 6 – TRIAL ORDER (EXHIBITS)

## II. SHC'S OBJECTIONS TO BOND'S TRIAL EXHIBITS

SHC objects to Bond's trial exhibits, as discussed below. (*See* Def.'s Objs. at 1-2.)

| **Exhibit** | **Def.'s Objection(s)** | **Pl.'s Response** | **Ruling** |
|---|---|---|---|
| **Exhibit 9** (May 16, 2019 Email, "Transformation of SHC Hospital") | Rules 401, 403 | Bond's perception of SHC's financial condition is relevant to her good faith belief that SHC was engaged in fraudulent billing practices. | **Overruled**, for the reasons set forth in the Court's order on SHC's motions in limine. (Op. & Order at 8-10.) |
| **Exhibit 10** (March 2019 email chain re "SWAT team – surgical authorizations") | Rules 401, 403 | Bond's perception of SHC's financial condition is relevant to her good faith belief that SHC was engaged in fraudulent billing practices. | **Overruled**, for the reasons set forth in the Court's order on SHC's motions in limine. (Op. & Order at 8-10.) |

## CONCLUSION

For the reasons stated, the Court resolves the parties' objections to trial exhibits. The parties shall confer prior to the final pretrial conference regarding the pre-admission of trial exhibits and common numbering for duplicative trial exhibits.

**IT IS SO ORDERED.**

DATED this 29th day of December, 2025.

*[Signature: Stacie F. Beckerman]*

HON. STACIE F. BECKERMAN
United States Magistrate Judge