IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LORI BOND,                                          Case No. 3:20-cv-01943-SB

                Plaintiff,               **OPINION AND ORDER**

      v.

SHRINERS HOSPITALS FOR CHILDREN,

                Defendant.

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Lori Bond ("Bond") filed claims against her employer, Shriners Hospitals for Children ("Shriners"), for age discrimination and whistleblower retaliation. On January 23, 2026, after a four-day trial, the jury returned a unanimous verdict in favor of Shriners on both claims.

On February 9, 2026, Shriners submitted a bill of costs seeking recovery of $4,612.80, supported by counsel's declaration. (*See* Def.'s Mot. Bill Costs ("Bill Costs") at 3-5, ECF No. 188; Decl. Sarah Ames Benedict Supp. Def.'s Bill Costs, Exs. A-C, ECF No. 189.) Shriners seeks to recover $20 for docket fees and $4,592.80 for court reporter and videographer fees and deposition transcript costs. (*See id.*)

///

PAGE 1 – OPINION AND ORDER

Bond filed objections to the cost bill, disputing recovery of the costs for the video depositions of Bond in the amount of $585, witness Elaine Daugherty ("Daugherty") in the amount of $745, and witness Max Bennett ("Bennett") in the amount of $745. (Pl.'s Objs. Def.'s Mot. Bill Costs ("Pl.'s Objs.") at 2-5, ECF No. 190.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure ("Rule") 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party."[1] FED. R. CIV. P. 54(d)(1). "By its terms, [Rule 54(d)(1)] creates a presumption in favor of awarding costs to a prevailing party[.]" *Ass'n Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (citation omitted). Accordingly, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

Rule 54(d)(1) also "vests in the district court discretion to refuse to award costs." *Ass'n Mexican-Am. Educators*, 231 F.3d at 591 (citation omitted). "That discretion is not unlimited" and a "district court must 'specify reasons' for its refusal to award costs." *Id.* (quoting *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)). "[A] district court's decision regarding costs is reviewed for abuse of discretion." *Powell v. Adlerhorst Int'l, Inc.*, No. 3:14-cv-01827-MO, 2017 WL 1371269, at *1 (D. Or. Apr. 12, 2017) (citing *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016)).

///

---

[1] The parties do not dispute that Shriners was the prevailing party in light of the jury verdict in Shriners' favor, and the Court so finds.

PAGE 2 – OPINION AND ORDER

Section 1920 lists the specific items a prevailing party may recover as costs, including, as relevant here: "(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; [and] . . . (5) Docket fees under section 1923 of this title[.]" 28 U.S.C. § 1920; *see also Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998) ("Deposition costs are taxable if they are reasonably necessary[.]"); *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995) ("Costs related to depositions are generally available to a prevailing party under 28 U.S.C. § 1920. More specifically, fees incurred in obtaining deposition transcripts may be recovered under § 1920(2).") (citations omitted).

DISCUSSION

## I.    VIDEOGRAPHY COSTS

Shriners seeks to recover videography costs for the depositions of Bond, Daugherty, and Bennett. (*See* Bill Costs at 3-5.)

### A.    Applicable Law

Courts have reached different results on taxing deposition videography costs. The Ninth Circuit recently found that "the district court provided sound reasons for taxing the cost of procuring each transcript or video: '[I]t appears that all of the transcripts for which [the defendant] seeks costs-recovery were for the depositions of individuals that were either (1) on [the plaintiff's] trial witness list; (2) called by [the defendant] to testify at trial; and/or (3) used to prepare [the defendant's] cross examination of [the plaintiff's] expert witness.'" *Offutt v. Georgia-Pacific Gypsum LLC*, No. 22-35646, 2023 WL 5500432, at *1 (9th Cir. Aug. 25, 2023). The opinion suggests that costs associated with videotaping depositions may be properly taxed in some cases without a more particularized showing of necessity. *See id.*

However, courts in this district have consistently held that a videographer's fees should not automatically convert "into a recoverable item of cost where a court reporter also attended

PAGE 3 – OPINION AND ORDER

and transcribed the deposition and the party seeking to recover the cost does not offer one or more reasons specific to the case to justify an award for both items." *Puella v. Intel Corp.*, No. 08-1472-AC, 2010 WL 3361089, at *3 (D. Or. Aug. 25, 2010) (simplified) (declining to award the cost of videography services because "Defendant does not offer any reason specific to this case to justify an award for both videography services and the transcripts of these depositions" and to "[r]outinely allow recovery of the cost incurred for both the court reporter's transcript and a separate videographic record of depositions duplicates deposition costs without purpose"); *see also Bala v. Or. Health & Sci. Univ.*, No. 3:18-cv-00850-HZ, 2024 WL 3785975, at *3 (D. Or. Aug. 12, 2024) ("The Ninth Circuit has not ruled on the required showing for a party to recover the cost of video depositions, but courts in this district generally require a particularized showing of why video depositions were necessary in the case in addition to a written transcript." (citing *Sneath v. Clackamas County*, No. 3:16-cv-01907-YY, 2019 WL 13308852, at *1 (D. Or. July 19, 2019) (collecting cases))); *Hunt v. City of Portland*, No. CV 08-802-AC, 2011 WL 3555772, at *7 (D. Or. Aug. 11, 2011) (holding that although the defendants played the video deposition at trial, the "necessity" requirement was not met because "litigation strategy or tactics are different considerations from Rule 54's 'necessity'").

B.    **Analysis**

Shriners seeks to recover costs related to three videotaped depositions: Bond ($570), Daugherty ($745), and Bennett ($745).

1.    **Bond**

Bond objects to the videography costs for her deposition, arguing that Bond's "transcript provided adequate responses to deposition questions . . . [and Shriners] has failed to articulate any reason why the video deposition was necessary." (Pl.'s Objs. at 3-4.) Shriners responds that the "deposition video was [] critical to Shriners Children's defense[.]" (Def.'s Reply Supp. Mot.

PAGE 4 – OPINION AND ORDER

Bill Costs ("Def.'s Reply") at 3-4, ECF No. 191.) Specifically, Shriners argues that Bond's "demeanor and credibility were at the center of [their] case-in-chief, and it used video excerpts of [Bond's] deposition during trial to impeach [Bond] and demonstrate her lack of credibility." (*Id.*)

The Court finds that the demeanor and credibility of nearly every witness is important, and that reason alone does not justify taxing the cost of the videography services here. *See Pullela*, 2010 WL 3361089, at *3 ("The demeanor of any witness . . . is important in any case[, but t]hat general principle, however, should not automatically convert a videographer's fee into a recoverable item of cost where a court reporter also attended and transcribed the deposition and the party seeking to recover the videographer's cost does not offer one or more reasons specific to the case to justify an award of costs for both items."); *see also Murphy v. Precision Castparts Corp.*, No. 3:16-cv-00521-SB, 2021 WL 4524153, at *5 (D. Or. Oct. 4, 2021) ("The Court concludes that Defendants are not entitled to recover the costs for the video recording of depositions. As this Court explained in *Simons*, a party seeking costs for the video recording of a deposition must explain why the deponent's 'deposition demeanor was such an important issue that the video version, in addition to the written version, of [his] deposition was necessary.'" (quoting *Simons v. Costco Wholesale Corp.*, No. 3:18-cv-00755-SB, 2021 WL 1244309, at *4 (D. Or. Feb. 22, 2021))); *Redwind v. W. Union, LLC*, No. 3:14-cv-01699-AC, 2016 WL 4974952, at *3 (D. Or. Sept. 16, 2016) ("Defendant alleges that it was necessary to the litigation to videotape [the] plaintiff's deposition for purposes of showing her demeanor, which it alleges is an important issue in this case . . . . Without more, however, defendants have failed to show how the written version of plaintiff's deposition testimony or her testimony at trial could not serve the same purpose.") (citation omitted).

///

PAGE 5 – OPINION AND ORDER

Shriners further argues that "playing video excerpts of [Bond's] deposition allowed the jury to assess [Bond's] tone, attitude, eye contact, and overall body language during deposition, which it could not have done if Shriners' [] counsel had simply read excerpts of the deposition transcript." (Def.'s Reply at 4, "It allowed Shriners [] to contradict [Bond] with her own voice.") Although "[c]ase strategy or tactics in a particular case might support a decision to employ a videographer in addition to a court reporter at a plaintiff's deposition, [] litigation strategy or tactics are different considerations from Rule 54's 'necessity' requirement." *Hunt*, 2011 WL 3555772, at \*7. Shriners has not demonstrated that videotaping Bond's deposition was necessary. Accordingly, the Court denies Shriners' request for \$585 in videographer fees for Bond's deposition. *See Roe v. City of Portland*, No. 3:22-cv-01193-SB, 2025 WL 3484088, at \*4 (D. Or. Dec. 3, 2025) (denying the defendants' motion to recover videography costs despite the Court's "find[ing] that the demeanor and credibility of nearly every witness is important"); *Castellanos v. Kaiser Found. Health Plan of the Nw.*, No. 6:22-cv-00149-MC, 2024 WL 4524861, at \*2 (D. Or. Mar. 8, 2024) ("Because Defendant fails to explain how a videorecording of Plaintiff's deposition was a necessary expense in the context of this case, the Court denies Defendant's request for the video costs incurred during Plaintiff's deposition."); *Duncan v. Costco Wholesale Corp.*, No. 3:23-cv-00172-HZ, 2023 WL 9055494, at \*2 (D. Or. Dec. 29, 2023) ("This Court has held that the party seeking costs for videography services 'has the burden of demonstrating why the video deposition was needed and a written transcript would not suffice.'" (quoting *Brown v. Cascade Mgmt., Inc.*, No. 3:15-cv-01585-HZ, 2018 WL 4207097, at \*11 (D. Or. Sept. 4, 2018))); *Don't Shoot Portland v. City of Portland*, No. 3:20-cv-00917-HZ, 2023 WL 6213352, at \*11 (D. Or. Sept. 24, 2023) (holding that the party requesting costs "has the burden of demonstrating why the video deposition was needed and a written transcript would

PAGE 6 – OPINION AND ORDER

not have sufficed" but had "not demonstrated why the video depositions were necessary" and therefore denying "recover[y of] costs associated with videotaping depositions") (citation omitted); *Murphy*, 2021 WL 4524153, at *5 ("Defendants have failed adequately to explain why the video recording of any deposition was necessary here, and therefore the Court declines to award such costs." (citing *Pullela*, 2010 WL 3361089, at *3)); *Brown*, 2018 WL 4207097, at *11 (same); *Davis v. Con-Way Freight Inc.*, No. 3:14-cv-01389-HZ, 2015 WL 7760189, at *3 (D. Or. Dec. 2, 2015) (same); *Hollowell v. Kaiser Found. Health Plan of the Nw.*, No. 3:12-cv-2128-AC, 2014 WL 6750325, at *3 (D. Or. Dec. 1, 2014) (same).

### 2.    Daugherty

Bond also objects to the videography costs for the deposition of Daugherty, totaling $745. (Pl.'s Objs. at 4-5.) Bond acknowledges that "Daugherty's video deposition was played at length, in the trial" and that the "video deposition was necessarily obtained for use in the case by" Bond. (*Id.* at 4.) Nevertheless, Bond argues that Shriners has not demonstrated that the costs to synchronize Daugherty's video testimony were necessary. (*Id.*) Shriners responds that "it was [Bond]'s own designation of [] Daugherty's video testimony that necessitated these costs [and that Shriners] obtained the synchronized video of [] Daugherty's deposition from a third-party vendor to verify the accuracy of [Bond]'s designations and identify any potential counter-designations." (Def.'s Reply at 4.) Consequently, Shriners argues that Bond "cannot now disclaim that Shriners [] is entitled to review Ms. Daugherty's testimony in the same medium in which it was to be presented to the jury." (*Id.*)

The Ninth Circuit has held that "the costs of deposition editing and synchronizing are not authorized by [Section] 1920." *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013). Specifically, the court stated that "synchronizing deposition videotapes with their transcripts, while convenient, [is] not an act of copying or exemplification and [is] not truly

PAGE 7 – OPINION AND ORDER

necessary for trial." *Id.* (citing *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009)). Accordingly, the Court will not require Bond to pay the costs associated with synchronizing Daugherty's transcript. *See Evans v. Cal. Comm'n on Peace Off. Standards & Training,* No. 2:15-cv-01951-DJC-SCR, 2025 WL 1142437, at *19 (E.D. Cal. Apr. 18, 2025) (holding that synchronization costs "are not taxable under section 1920"); *Maner v. County of Stanislaus,* No. 114CV01014DADMJS, 2016 WL 8730741, at *5 (E.D. Cal. Oct. 28, 2016) (declining to assess costs that were "incurred in order to synchronize a videotaped deposition of plaintiff with its transcript").

### 3.    Bennett

Bond also objects to the video synchronization costs for the deposition of Bennett, amounting to $745. (*See* Pl.'s Objs. at 5.) Bond argues that these costs were unnecessary because the video deposition was never used at trial by either party and because Bond informed Shriners on several occasions that the video would be unnecessary. (*Id.*) Shriners responds that it was not until "after the synchronized video of Mr. Bennett's deposition had already been ordered and received" that Bond confirmed the video would not be used. (Def.'s Reply at 5.) Accordingly, Shriners argue that it "necessarily incurred the costs of the video synchronization of Mr. Bennett's deposition[.]" (*Id.*)

As discussed above, "the costs of deposition editing and synchronizing are not authorized by [Section] 1920." *Kalitta Air L.L.C.*, 741 F.3d at 958. Accordingly, the synchronization costs for Bennett's deposition are not recoverable.

## II.    OTHER COSTS

Shriners also seek to recover a $20 docket fee. (Bill Costs at 4.) Bond does not oppose the request, and the Court finds that Defendants are entitled to the $20 docket fee. *See* 28 U.S.C. § 1923(a) (providing that docket fees are recoverable "on trial or final hearing . . . in civil,

PAGE 8 – OPINION AND ORDER

criminal, or admiralty cases"); *Ferguson v. Smith*, No. 3:18-cv-00372-SB, 2024 WL 1070812, at *19 (D. Or. Mar. 12, 2024) ("Defendants do not raise any specific objection to Plaintiffs' request to recover $20.00 in docket fees under 28 U.S.C. § 1923. Such fees are among the items delineated in 28 U.S.C. § 1920. Accordingly, Plaintiffs are entitled to recover $20.00 in docket fees.") (simplified).

Bond also does not object to Shriners' request to recover court reporter and deposition transcript costs, and the Court finds that Shriners is entitled to recover the $2,517.80 it seeks. (Bill Costs at 2); *see also* 28 U.S.C. § 1920(2) (providing that "[f]ees for printed or electronically recorded transcripts" are recoverable); *Roe,* 2025 WL 3484088, at *4 (holding "that the costs of the deposition transcripts . . . are recoverable"); *Castellanos*, 2024 WL 4524861, at *2 ("Taking the opposing party's deposition and obtaining copies of the transcript of that deposition for use in the case is reasonably calculated to properly prepare for trial and within Rule 54's 'necessity' requirement." (quoting *Redwind*, 2016 WL 4974952, at *3)); *Poppen v. Clackamas County,* No. 3:22-cv-00227-SB, 2023 WL 8827669, at *2 (D. Or. Dec. 21, 2023) ("[T]here should be no reasonable dispute that obtaining the transcript of a deposition is imperative to allow counsel to recall specific testimony to evaluate the merits of filing a dispositive motion or calling the witness at trial[.] Accordingly, the Court concludes that all of the costs listed in the County's bill of costs were necessary for use in this case.").

In summary, the Court awards Shriners its costs in the following amounts: docket fee ($20); Bond deposition transcript and court reporter fee ($1,287.50); Daugherty deposition transcript ($632.50); and Bennett deposition transcript ($597.80); for a total cost award of $2,537.80.

///

PAGE 9 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS IN PART Shriners' bill of costs (ECF No. 188), and awards costs to Shriners in the amount of $2,537.80.

**IT IS SO ORDERED.**

DATED this 17th day of March, 2026.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 10 – OPINION AND ORDER